IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Malcom Jamal Reid, | ) | C/A No.: 1:12-1084-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff requests $3,379.06 in attorney's fees on the ground that he is a prevailing party under the EAJA. [Entry #22]. Defendant contests the awarding of such fees, asserting the government's position was substantially justified. [Entry #24 at 1]. For the reasons set forth below, the court grants Plaintiff's motion.

I.  Procedural Background

Plaintiff, then a minor child, was awarded Supplemental Security Income ("SSI") benefits on November 22, 2000. Tr. at 44–52. On April 27, 2007, the Social Security Administration informed Plaintiff that he was no longer eligible for SSI and notified him that he had 60 days to appeal the decision. Tr. at 60–62. Plaintiff retained an attorney and sought an untimely request for reconsideration of the denial of benefits in August 2007. Tr. at 64, 161. Plaintiff's request was dismissed in August 2007. Tr. at 161. The request was later reinstated and sent to the Office of Disability Adjudication and Review.

Tr. at 180. The ultimate disposition of the request for reconsideration is not clear from the record.

On April 11, 2008, Plaintiff filed an application for SSI in which he alleged his disability began on July 21, 1998. Tr. at 10. His application was denied initially and upon reconsideration. Tr. at 58–59. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued an unfavorable decision. Tr. at 10–18. In his decision, the ALJ found Plaintiff had not been under a disability since the date the application was filed. *Id.* Applying the five-step sequential process, the ALJ found that Plaintiff had the severe impairment of mild mental retardation. *Id.* The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. part 404, subpart P, appendix 1. *Id.* Further, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: no exposure to hazards; simple, routine repetitive tasks, involving low stress, defined as no more than occasional decision making or changes in the work setting; and no exposure to the general public or requirements for complex reading, writing, or math. *Id.* Finally, the ALJ determined that Plaintiff had no past relevant work, but that jobs existed in significant numbers in the national economy that he could perform. *Id.*

The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. at 1–3. Plaintiff then filed suit in federal court asserting that the ALJ's decision was not supported by substantial evidence. [Entry #1]. Plaintiff alleged several errors committed by the ALJ, including that the ALJ

erred in finding that Plaintiff's Attention Deficit Hyperactivity Disorder ("ADHD") was not a severe impairment and that he did not meeting Listing 12.05(C) (mental retardation). [Entry #16]. The undersigned reversed and remanded the case, finding that the ALJ did not sufficiently consider Plaintiff's school records or the records of Dr. Joseph West in accordance with 20 C.F.R. § 416.912, and that the failure to consider those records impacted the ALJ's analysis of Plaintiff's severe impairments and the Listing analysis. [Entry #20 at 15–17].

II.     Discussion

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Therefore, as the non-prevailing party, the government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). There is no presumption that

the government's position was not substantially justified simply because it lost the case. *Crawford*, 935 F.2d at 656.

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." *Id.* at 658; *see also Adams v. Barnhart*, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified.").

Here, the Commissioner argues that her position was substantially justified, but does not attempt to justify the ALJ's failure to consider Plaintiff's school records and those of Dr. West. Instead, the Commissioner offers post-hoc rationalizations supporting the ALJ's decision. In essence, the Commissioner is arguing that the decision is supported by substantial evidence. For the reasons stated in its order dated April 22, 2013, the court found that the ALJ's decision is not supported by substantial evidence, and the Commissioner's attempts to argue to the contrary here are unavailing. Thus, the Commissioner has failed to demonstrate that the ALJ's failure to comply with 20 C.F.R. § 416.912 was substantially justified.

III.     Conclusion

For the foregoing reasons, the court finds that the government has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust. Accordingly, the court grants Plaintiff's motion and directs the Commissioner to pay Plaintiff $3,379.06[1]

---

[1] Defendant did not object to Plaintiff's calculation of the fee.

forthwith. Such payment shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. Pursuant to *Stephens v. Astrue*, 565 F.3d 131, 137 (4th Cir. 2009), payment should be made directly to Plaintiff as the prevailing party rather than to his attorney.

IT IS SO ORDERED.

August 7, 2013
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge